**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Harley Ferch,

Petitioner,

v.

Warden B.R. Jett,

Respondent.

Case No. 14-cv-1961 (SRN/TNL)

**REPORT & RECOMMENDATION**

---

Harley Ferch, 03916-017, Federal Medical Center, Box 4000, Rochester, MN 55903 (pro se Petitioner); and

Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung on Petitioner's Petition for a Preliminary Injunction (Mot. for Prelim. Inj., ECF No. 7). This matter has been referred to the undersigned for a report and recommendation to the district court, the Honorable Susan Richard Nelson, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1.

## I. BACKGROUND

In 1999, Petitioner was civilly committed by the United States District Court for the Western District of Missouri pursuant to 18 U.S.C. § 4246 (hospitalization of a person due for release but suffering from mental disease or defect) after being found incompetent to stand trial on a charge of mailing threatening communication under 18

U.S.C. § 876. (Pet. at 1, 2, ECF No. 1; Gov't Resp. at 1-2, ECF No. 10; Decl. of Julie Groteboer ¶ 3, ECF No. 12; Ex. A to Groteboer Decl., ECF No. 12-1.) In 2000, Petitioner was transferred to the Federal Medical Center in Rochester, Minnesota ("FMC Rochester") for continuing treatment. (Pet. at 2; Gov't Resp. at 3; Ex. F at 2 to Decl. of Harley Ferch, ECF No. 5-1.) Petitioner is currently being held at FMC Rochester. (Pet. at 2; Gov't Resp. at 1.) Petitioner suffers from Delusional Disorder and has been prescribed antipsychotic medication. (Gov't Resp. at 3; Ex. F at 1, 2, 3 to Ferch Decl.)

**A. Habeas Petition**

Petitioner filed a Petition for a Writ of Habeas Corpus 28 U.S.C. Section 2241(c)(3) ("Petition") on June 18, 2014, which is currently pending before this Court. (Pet.) Petitioner contends that his present confinement is in violation of the United States Constitution and federal law. (Pet. at 4.) In brief, Petitioner challenges the evidence supporting his continued commitment, asserts Sixth Amendment violations with respect to his Federal Defender, and brings due process claims regarding the commitment review process. With respect to his Federal Defendant, Petitioner claims that he has been "abandoned" by the Federal Defender and the Federal Defender "conspired" with the Government to conceal certain medical records favorable to Petitioner. (Pet. at 3, 4.) As a result, Petitioner claims he is being deprived of his Sixth Amendment right to counsel. (Pet. 3, 4.) With respect to the commitment review process, Petitioner contends he was denied due process of law because (1) Respondent has ignored certain medical records favorable to Petitioner and continues to forcibly medicate him; (2) "Respondent and his medical staff have made repeated false statements in reports and used 'hearsay,' which is

unsubstantiated, to force medication on . . . Petitioner"; and (3) "Respondent and his staff failed to give proper legal notice of intent to force medicate Petitioner . . . ." (Pet. at 5; *see also* Suppl. Pleading at 1, 2, ECF No. 4.) Petitioner also raises certain evidentiary challenges to the commitment review process and contends that suitable placement is available with a family member in Illinois. (Pet. at 5; *see also* Pet. at 6-7.) Petitioner contends that Respondent has perpetrated a "fraud" upon the court. (*See* Pet. at 5, 8; Mot. for Prelim. Inj. at 1, 2.)

**B. Request for Preliminary Injunction**

In the instant motion, Petitioner moves for a preliminary injunction preventing Respondent from forcibly medicating him during the pendency of his habeas corpus petition and "preventing any act of retaliation, to include denial of the right to transfer Petitioner." (Mot. for Prelim. Inj. at 2; *see also* Pet. at 8-9.)

**C. Requests for FBI Investigation**

By separate motions, Petitioner also requests that the Court order the Federal Bureau of Investigation ("FBI") to investigate alleged fraudulent conduct at FMC Rochester and "send an FBI agent from the Frauds Division with a video camcorder to shoot frames of the documents [Petitioner] ha[s] that prove[] fraud exists by a multitude of [FMC Rochester] officials." (Req. for FBI Investigation at 1, ECF No. 17; *accord* Second Req. for FBI Investigation at 1-2, ECF No. 23; *see also* Suppl. Pleading at 1; Mot. for Prelim. Inj. at 3.)

## II. PROCEDURAL HISTORY

Petitioner's motion for a preliminary injunction was filed on July 22, 2014. (Mot. for Prelim. Inj.) The Court ordered Respondent to respond to Petitioner's motion on or before July 30, 2014. (Order, July 25, 2014, ECF No. 8.) Respondent filed a response and Petitioner subsequently filed a reply. (Gov't Resp.; Reply, ECF No. 22.) This matter is now ripe for a determination on the papers.

## III. ANALYSIS

Before addressing Petitioner's motion for a preliminary injunction, this Court must first resolve a question of jurisdiction. Respondent asserts that the District Court for the Western District of Missouri has continuing jurisdiction over this matter as the committing court. (Gov't Resp. at 11.) Additionally, Respondent asserts that the District Court for the Western District of Missouri "has far greater familiarity with the factual underpinnings of the matters presented by [Petitioner] than this Court" and "this matter should be dismissed or denied, or in the alternative, transferred to the Western District of Missouri pursuant to 28 U.S.C. § 1406(a)." (Gov't Resp. at 11.)

"As a general rule, anyone in federal custody—including an individual who has been civilly committed—can challenge the legality of his confinement by filing a § 2241 habeas corpus petition in the district where he is confined." *Mendez v. United States*, No. 12-cv-28 (ADM/FLN), 2012 WL 1110125, at *1 (D. Minn. Apr. 3, 2012) (*Mendez II*) (citing *Archuleta v. Hedrick*, 365 F.3d 644, 647-48 (8th Cir. 2004)); *accord Slupkowski v. United States Attorney General*, No. 09-cv-1048 (JNE/SRN), 2009 WL 1850876, at *2 (D. Minn. June 26, 2009) (*Slupkowski II*) ("[A]s a general rule, an individual in federal

custody—including someone who has been civilly committed—can challenge the legality of his confinement by filing a § 2241 habeas corpus petition in the district in which he is confined."). Indeed, the chapter under which Petitioner was committed specifically states that "[n]othing contained in . . . [§] 4246 . . . precludes a person who is committed under . . . [that] section[] from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(g); *see also Slupkowski v. United States*, No. 08-cv-458 (JNE/SRN) (Report & Recomm. at 4, June 24, 2008, ECF No. 15) (*Slupkowski I*), *adopting report and recommendation* (Order, July 14, 2008, ECF No. 16). "Section 4246 does not impair habeas corpus, and this Court has jurisdiction over [Petitioner's] confinement by virtue of his presence in the District." *Blohm v. Reese*, No. 02-cv-1114 (DWF/JGL), 2002 WL 1949915, at *3 (D. Minn. Aug. 19, 2002); *see also Wattleton v. Jett*, 11-cv-1396 (JNE/SER), 2011 WL 5176805, at *3 (D. Minn. Oct. 13, 2011) (finding concurrent jurisdiction with the committing court and discretion whether to exercise habeas corpus jurisdiction), *adopting report and recommendation*, (Order, Oct. 31, 2011, ECF No. 15). Based on Petitioner's current confinement at FMC Rochester, the Court has jurisdiction over this matter.

"However, habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy." *Archuleta*, 365 F.3d at 648 (quotation omitted); *accord Wattleton*, 2011 WL 5176805, at *3; *Slupkowski II*, 2009 WL 1850876, at *2; *see also Mendez II*, 2012 WL 1110125, at *2 ("A petitioner should pursue other remedies before a habeas petition."). When the applicable statutory scheme provides a remedy for the petitioner, habeas corpus relief is not appropriate. *Archuleta*, 365 F.3d at

648-49; *see also Wattleton*, 2011 WL 5176805, at *3 ("Generally, inmates challenging their commitment are not entitled to habeas relief because they have other statutory avenues for challenges.").

Section 4247 permits Petitioner to "at any time during [his] commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility."[1] 18 U.S.C. § 4247(h). "Because [Petitioner] can challenge his commitment directly in the court that committed him, there is another remedy available" to him other than habeas corpus relief. *Mendez II*, 2012 WL 1110125, at *2; *accord Archuleta*, 365 F.3d at 649; *Slupkowski II*, 2009 WL 1850876, at *3.

Further, "[t]he proper venue for [Petitioner] to challenge a civil commitment order is with the court who issued the order." *Wattleton*, 2011 WL 5176805, at *3. Much like *Slupkowski I* and *II*, the thrust of Petitioner's Petition and related motions is a challenge to the legality of his continuing civil commitment. *See Slupkowski II*, 2009 WL 1850876, at *3; *Slupkowski I*, No. 08-cv-458 (Report & Recomm. at 3, 5). The committing court—here, the District Court for the Western District of Missouri—is in the best position to evaluate the merits of Petitioner's arguments concerning his continued commitment. *Pledger v. Anderson*, 416 Fed. App'x 580, 581 (8th Cir. 2011) (per curiam); *Blohm*, 2002

[1] The Court notes that § 4247(h) further provides that "no such motion may be filed within [180] days of a court determination that the person should continue to be committed." It is not clear to this Court from the docket sheet in Petitioner's commitment case when the District Court for the Western District of Missouri last determined that Petitioner's commitment should continue. *See United States v. Ferch*, No. 99-3018-CV-S-RED (W.D. Mo.). The docket sheet for Petitioner's initial commitment and the proceedings that followed are accessible to this Court by means of the Case Management—Electronic Case Filing system that is maintained by the federal judiciary. It appears that the most recent filing was an annual risk assessment dated January 28, 2014. *See id.* (Annual Risk Assess., Jan. 28, 2014, ECF No. 73).

WL 1949915, at *3 (noting committing court's "far greater familiarity with the factual underpinnings of [petitioner's] claim"). "Most courts agree that it is better to decline to exercise [habeas corpus] jurisdiction in favor of allowing the committing court to address [a challenge to a civil commitment order]." *Wattleton*, 2011 WL 5176805, at *3 (citing *Pledger*, 416 Fed. App'x at 581; *Slupkowski I*, No. 08-cv-458 (Report & Recomm.); *Blohm*, 2002 WL 1949915, at *3); *see also Mendez v. Bureau of Prisons*, No. 08-cv-4971 (JMR/RLE), 2009 WL 3856925, at *7 (D. Minn. Nov. 17, 2009) (*Mendez I*) ("Of course, as a matter of discretion, Courts may decline to exercise jurisdiction over Habeas Petitions filed in the District of confinement, where the claim would be more properly heard in the Court that ordered the confinement under Section 4246.").

Petitioner responds that this Court "is vested with jurisdiction pursuant to 5 U.S.C. §[§] 701-706 Administrative Procedures Act, for judicial review upon the strong presumption that Congress intends there to be judicial review of agency action." (Reply at 1; *see also* Second Req. for FBI Investigation at 1.) The Court need not decided whether it *has* jurisdiction over this matter under the provisions cited by Petitioner as the Court has already determined that, by virtue of Petitioner's confinement in this District, the Court has jurisdiction over Petitioner's Petition and related motions. *See Mendez II*, 2012 WL 1110125, at *1; *Wattleton*, 2011 WL 5176805, at *3; *Slupkowski II*, 2009 WL 1850876, at *2; *Blohm*, 2002 WL 1949915, at *3. The question is whether this matter is more appropriately heard by the committing court given the fact that Petitioner's claims and the relief sought both directly and indirectly challenge his continued commitment.

Petitioner also asserts that he "has pled, and shown [that] he has no access to the committing court due to abandonment of court appointed counsel, who is being 'forced' on the Petitioner's case." (Reply at 2.) Petitioner appears to be referring to the District Court for the Western District of Missouri's denial of his pro se motion to dismiss the Federal Defender appointed to represent him, a decision which was subsequently affirmed by the Eighth Circuit. (*See* Pet. at 3; Ex. A to Pet., ECF No. 1-1.) *See Ferch*, No. 99-3018-CV-S-RED (Order, June 7, 2013, ECF No. 64) (W.D. Mo.), *aff'd*, (J., Nov. 4, 2013, ECF No. 71) (8th Cir.). Notably, Petitioner has filed several pro se motions in the District Court for the Western District of Missouri. The instant Petition and related motions were filed pro se in this District. Notwithstanding any dispute Petitioner may have with appointed counsel, it is clear that Petitioner has been able to avail himself of the federal courts, including the committing court.

The issue of whether continued medication is appropriate under the circumstances, i.e., whether Petitioner is presently entitled to injunctive relief, is a question inextricably bound up in Petitioner's broader challenge to his continued commitment. These are matters best addressed by the District Court for the Western District of Missouri as the committing court, which has been receiving periodic assessments regarding Petitioner's condition—the most recent of which was dated January 28, 2014. *See Ferch*, No. 99-3018-CV-S-RED (Annual Risk Assess., Jan. 28, 2014). Based on the foregoing, this Court recommends that this matter be transferred to the Western District of Missouri "in the interest of justice" pursuant to 28 U.S.C. § 1406(a). *See Pledger*, 416 Fed. App'x at 581; *Archuleta*, 365 F.3d at 649; *Slupkowski I*, No. 08-cv-458 (Report & Recomm. at 5);

*Blohm*, 2002 WL 1949915, at *3; *see also Commey v. Grondolsky*, No. 13-13079-RBC, ___ F. Supp. 2d ____, 2014 WL 896742, at *1-2 (D. Mass. Mar. 7, 2014) (applying *Archuleta* and transferring habeas petition to committing court).[2]

## IV. RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that this matter be **TRANSFERRED** to the Western District of Missouri for further proceedings pursuant to 28 U.S.C. § 1406(a).

Date: August 15 , 2014

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Ferch v. Jett*
Case No. 14-cv-1961 (SRN/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 1, 2014**.

[2] *Cf. Mendez II*, 2012 WL 1110125, at *2 (dismissing petition without prejudice where petitioner could pursue matter in committing court and had not exhausted administrative remedies); *Wattleton*, 2011 WL 5176805, at *4 (transfer not recommended as habeas petition was successive petition without an applicable exception); *Mendez I*, 2009 WL 3856925, at *7 (declining to transfer where "determination of merits of the Petitioner's claim does not tread upon the conclusions of the Committing Court"); *Slupkowski II*, 2009 WL 1850876, at *3 (transfer not recommended due to incomprehensibility of submissions); *but see Mair v. Anderson*, No. 09-3251-CV-S-RED-H, 2009 WL 4042878, at *1 (W.D. Mo. Nov. 23, 2009) (dismissing petition without prejudice and denying request to transfer as nothing precluded petitioner from "pursu[ing] the appropriate remedies under [18 U.S.C. § 4247(h)] in the committing court").