UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harley Ferch,                                    Civil No. 14-CV-1961 (SRN/TNL)

             Petitioner,                                      ORDER

v.

Warden B.R. Jett,

             Respondent.

_____

Harley Ferch, 03916-017, Federal Medical Center, Box 4000, Rochester, Minnesota 55903, Pro Se.

Ana H. Voss and D. Gerald Wilhelm, United States Attorney's Office, 300 S. Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

_____

SUSAN RICHARD NELSON, United States District Judge

       This matter is before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Tony N. Leung, dated August 15, 2014 [Doc. No. 26].  Petitioner

Harley Ferch filed timely Objections to the R&R [Doc. No. 30].   In the R&R, Magistrate

Judge Leung addressed Ferch's Petition for Preliminary Injunction [Doc. No. 7],

recommending that this matter be transferred to the U.S. District Court for the Western

District of Missouri for further proceedings.  (R&R at 9 [Doc. No. 26].)

       According to statute, the Court must conduct a de novo review of any portion of

the Magistrate Judge's opinion to which specific objections are made and "may accept,

reject, or modify, in whole or part, the findings or recommendations made by the

1

magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b); D. Minn. L.R.

72.2(b). Based on that de novo review and for the reasons set forth below, the Court

adopts the R&R in part and declines to adopt the R&R in part.

I.      **BACKGROUND**

        Petitioner was civilly committed by the U.S. District Court for the Western District

of Missouri ("the committing court") in 1999, pursuant to 18 U.S.C. § 4246, after being

found incompetent to stand trial under 18 U.S. C. § 876. (R&R at 1-2 [Doc. No. 26].)

Ferch was transferred to FMC Rochester in 2000, where he remains. (Id.) Ferch has

been diagnosed with Delusional Disorder and has been prescribed various medications to

treat his condition. (Govt's Am. Resp. at 3 [Doc. No. 10]) (citing Hart Decl. ¶2 [Doc. No.

20].) Since his commitment, annual risk assessments have been presented by the U.S.

Bureau of Prisons (BOP) to the committing court, where Ferch has been represented by

counsel. United States v. Ferch, No. 99-CV-3018 (W.D. Mo.) [Doc. Nos. 28, 32, 34, 37,

38, 47, 50, 65, 73].

        Petitioner filed a Petition for a Writ of Habeas Corpus, 28 U.S.C. § 2241, on June

18, 2014, in which he seeks release from custody and injunctive relief. (Petition [Doc.

No. 1].) In both the Petition (id.) and the separately-filed motion for injunctive relief

[Doc. No. 7], Ferch raises two categories of claims: (1) claims based on the fact or

duration of his confinement; and (2) claims based on his conditions of confinement.

        As to the first category of claims – those related to the fact or duration of his

confinement – Ferch asserts a violation of his rights under the Sixth Amendment, which

appears to be based on an alleged violation of the Confrontation Clause and a possible

claim of ineffective assistance of counsel in the underlying proceedings before the

committing court.  (Petition at 3 [Doc. No. 1].)  He asserts that his court-appointed

counsel in the Western District of Missouri has "abandoned him and become a second

prosecutor," and that his counsel was involved in concealing certain medical records from

the committing court's proceedings, thereby committing a fraud upon that court.  (Id.)

These records, Ferch argues, demonstrate that he requires no medical treatment and may

be released from custody.  (Id.)   Ferch previously moved the committing court to dismiss

his defense counsel on May 17, 2013.  United States v. Ferch, No. 99-CV-3018 (W.D.

Mo.), Doc. No. 61.  The committing court denied Ferch's request, id., Doc. No. 64, and

the Eighth Circuit Court of Appeals affirmed the denial of the request.  Ferch v. United

States, No. 13-2710 (8th Cir.) [Doc. 4092406].

Regarding the second category of Ferch's claims – those based on his conditions

of confinement at FMC-Rochester – Ferch seeks injunctive relief from the administration

of involuntary medication, which he describes as an "ongoing battery."  (Mot. for Prelim.

Inj. at 1 [Doc. No. 7]; Petition at 1; 7 [Doc. No. 1].)  He also seeks an order "preventing

any act of retaliation, to include denial of the right to transfer Petitioner."  (Mot. for

Prelim. Inj. at 2 [Doc. No. 7]; Pet. at 8-9 [Doc. No. 1].)  And he seeks injunctive relief

"preventing staff from obstructing the requested FBI investigation or this writ of habeas

corpus."  (Mot. for Prelim. Inj. at 3 [Doc. No. 7].)

In response to Petitioner's motion for injunctive relief, the Government argued that

Ferch's challenge to involuntary medication is not appropriately brought in a § 2241

habeas petition because it challenges his conditions of confinement. (Govt.'s Am. Resp.

at 11 [Doc. No. 10].)  Instead, the Government noted that a civil rights complaint is the

proper remedy for inmates challenging conditions of confinement.  (Id. at 11, n.5) (citing

Muhammad v. Close, 540 U.S. 749, 750 (2004); Preiser v. Rodriguez, 411 U.S. 475, 499

(1973)).  The Government found that the other claims raised in Ferch's Petition could be

construed as an attempt to appeal his civil commitment.  (Id. at 11.)  As such, the

Government asserted that the committing court possesses continuing jurisdiction over

these claims.  (Id.)  Accordingly, the Government argued that this matter should be

dismissed or denied, or in the alternative, transferred to the Western District of Missouri

pursuant to 28 U.S.C. § 1406(a).  (Id.)

        Magistrate Judge Leung issued the R&R [Doc. No. 26] on Petitioner's Motion for

a Preliminary Injunction.  While the magistrate judge found that this Court has

jurisdiction pursuant to 22 U.S.C. § 2241, the magistrate judge found that Ferch's request

for injunctive relief is inextricably bound up in his broader challenge to his continued

commitment.  (R&R at 8 [Doc. No. 26].)  The magistrate judge observed that the proper

means by which a civilly-committed person may challenge his civil commitment is

pursuant to 18 U.S.C. § 4247, before the court that issued the civil commitment.  (Id. at 5)

(citing Archuleta v. Hedrick, 365 F.3d 644, 648-49 (8th Cir. 2004).)   Magistrate Judge

Leung therefore found that habeas relief in this Court was inappropriate as to all of

Ferch's claims.  (Id.)   Accordingly, Magistrate Judge Leung recommended that this

matter be transferred to the Western District of Missouri for further proceedings.  (Id. at

6, 9 ) (citations omitted).

In his Objections to the R&R [Doc. No. 30], Petitioner opposes the

recommendation to transfer this matter to the committing court.  Ferch argues that, as a

practical matter, he has no recourse under § 4247 because: (1) his "forced" court-

appointed counsel in the Western District of Missouri has "abandoned" him; and (2) the

committing court has rejected the merits of his prior filings. (Obj. at 2-3 [Doc. No. 30].)

He contends that he "will have all his rights violated, based on the history of the

committing court, if this case is transferred."  (Id. at 3.)  Therefore, Petitioner requests

that this Court consider the merits of his habeas petition and his request for injunctive

relief.  (Id.)  The Government opposes Ferch's Objections to the R&R and requests that

this Court adopt the R&R in its entirety.  (Govt.'s Resp. to R&R Obj. [Doc. No. 34].)

## II.      DISCUSSION

As noted, Petitioner's habeas claims are brought under 28 U.S.C. § 2241.  In

general, anyone in federal custody, including a civilly-committed person, may challenge

the legality of his confinement by filing a § 2241 habeas corpus petition in the district in

which the person is confined.  Archuleta, 365 F.3d at 647–48 (8th Cir. 2004).  Section

2241 provides a remedy to those who are challenging the "fact or duration of their

physical confinement and are seeking immediate release or a speedier release."  Otey v.

Hopkins, 5 F.3d 1125, 1130 (8th Cir.1993).  As Magistrate Judge Leung properly found,

this Court has jurisdiction over this matter pursuant to § 2241 because Ferch is currently

in the District of Minnesota.

As to the question of whether § 2241 is the proper means of relief, "habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'"  Archuleta, 365 F.3d at 648 (citations omitted).  In Archuleta, the Eighth Circuit considered a § 2241 petition in which the "dominant theme" was that the civilly-committed petitioner's continuing detention was unlawful.  Id. at 647.  As is the case here, the petitioner in Archuleta sought the remedy of release.  Id.  However, because another statute – 18 U.S.C. § 4247 – provided a separate means of relief, the Eighth Circuit found that only the committing court, under § 4247, could grant the requested relief.  Id. at 649.

Section 4247 includes a mechanism by which a civilly-committed person may obtain discharge, providing that counsel for a civilly-committed person, or his legal guardian,

> may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

18 U.S.C. § 4247(h).

The Eighth Circuit acknowledged in Archuleta that while a § 2241 habeas petition can ordinarily only be brought in the district in which the petitioner is in custody, the committing court nevertheless

> has jurisdiction to decide a motion brought under 18 U.S.C. § 4247(h) and

6

> therefore has the discretion to take jurisdiction over [a petitioner's] pro se
> habeas petition under either 18 U.S.C. § 4247(g), or 18 U.S.C. § 4247(h), or
> both.  In these circumstances, a transfer of the petition under 28 U.S.C. §
> 1406(a) is both permissible and appropriate.

Archuleta, 365 F.3d at 649 (citing United States v. Budell, 187 F.3d 1137 (9th Cir.

1999)).  Although Archuleta also sought injunctive relief against involuntary medication,

the court specifically noted that Archuleta had not refused to take the prescribed

medications, and therefore, "[did] not clearly seek relief from that treatment independent

of his claim that he should be released."  Id.  Accordingly, the court found it appropriate

to transfer the entire matter to the committing court,

> even though that court may lack jurisdiction over claims relating solely to
> the conditions of Archuleta's confinement in Missouri.  If Archuleta does
> object to his on-going conditions of confinement, there are separate
> statutory and administrative remedies that he may invoke in the future.

Id. (citing United States v. Morgan, 193 F.3d 252 (4th Cir. 1999); United States v.

McAllister, 969 F. Supp. 1200 (D. Minn. 1997)).

Here, as to those claims for which Petitioner seeks the remedy of release, the Court

agrees with the magistrate judge's reasoning – namely, that the committing court is the

appropriate court to consider those claims, through § 4247, assuming that Petitioner can

raise such claims.  The claims in question concern Ferch's right to effective assistance of

counsel and right of confrontation, particularly in the context of annual Risk Assessments

before the committing court.

However, Ferch's claims for injunctive relief – for which the requested relief is not

release – require different treatment.  These claims could be brought before this Court,

albeit in a different form, rather than being transferred to the committing court.  Although

the Eighth Circuit found it appropriate to transfer all of the claims at issue in Archuleta to

the committing court, to be heard under § 4247, the facts of this case are slightly

different.  While Archuleta also asserted a claim based on involuntary medication, the

court found that he did not clearly seek relief from that treatment, independent of his

claim for release.  Archuleta, 365 F.3d at 649.  Unlike the petitioner in Archuleta, Ferch

expressly seeks relief from involuntary medication, independent of his claim for release.

(Cf. Mot. for Prelim. Inj. at 2 [Doc. No. 7]) at 2 (describing his fear of continued harm

from "forced" medication during the pendency of his habeas proceeding) with Archuleta,

365 F.3d at 649 (noting that Archuleta had not refused to take his medications).

Moreover, Ferch's request for injunctive relief also includes relief from retaliation and

relief from any obstruction of an FBI investigation that Ferch has requested. (Mot. for

Prelim. Inj. at 1-3 [Doc. No. 7].)  Further, his motion for injunctive relief alludes to the

possible threat of a medically-induced coma and suicide, although it is unclear whether

these concerns relate to his request for relief from retaliation or forcible medication, or

both.  (Id. at 2.)  In short, Ferch seeks relief independent of his claim that he should be

released.  The claims for which he seeks injunctive relief – involuntary medication and

retaliation – may be heard by this Court.

       While the District of Minnesota may be the proper venue for Petitioner's

involuntary medication and retaliation claims, a § 2241 habeas petition is not the proper

vehicle by which to seek relief for these claims.  See Kruger v. Erickson, 77 F.3d 1071,

1073 (8th Cir. 1996) (stating that habeas corpus is not the proper remedy where the

prisoner is not challenging the validity of his conviction or the length of his detention,

such as loss of good time credit (per curium); see also Spencer v. Haynes, __ F.3d __, No.

13-3460, 2014 WL 7172045, at *2-3, n.6 (8th Cir. Dec. 16, 2014) (noting that the courts

of appeals are divided on whether habeas petitions are appropriate procedural vehicles for

claims concerning conditions of confinement) (citations omitted).  The proper remedy for

challenges to conditions of confinement is for the confined person to bring a claim

pursuant to the Civil Rights Act, 42 U.S.C. § 1983, if the alleged violators are state or

local actors, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), or pursuant to Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), if the

alleged violators are federal actors.  Spencer, __ F.3d at __, 2014 WL 7172045, at *2-3.

In Spencer, which was decided recently, after the issuance of the R&R, the Eighth

Circuit addressed the question of how to treat conditions-of-confinement claims raised in

§ 2241 petitions.  Id.  The Eighth Circuit considered the district court's dismissal without

prejudice of a prisoner's § 2241 petition, which had included a conditions-of-confinement

claim.  Id.  In light of the liberal treatment given to pro se habeas petitions, the Eighth

Circuit held that the district court should have treated the case as a Bivens action, as

opposed to dismissing the petition without prejudice.  Id.  However, noting the potential

detriment to habeas petitioners that might occur if district courts, on their own initiative,

transformed habeas petitions into Bivens or § 1983 claims, the Eighth Circuit advised that

district courts obtain the pro se petitioner's consent.  Id. at *2.

Accordingly, the Court adopts the magistrate judge's reasoning in part that, under § 4247, the committing court is in a better position to consider Ferch's claims concerning representation and confrontation of evidence.  By making this determination, the Court in no way comments on the merits of those claims, if they can be raised.  However, the Court respectfully declines to adopt the magistrate judge's conclusion to transfer this matter to the committing court.  Because of the hybrid nature of Ferch's claims and the type of requested relief, instead of transferring Ferch's Petition, as to the claims concerning representation and confrontation of evidence, the Court dismisses these claims without prejudice.  If these claims can be raised at all, the proper venue is in the Western District of Missouri, and the proper statutory authority by which to bring such claims is pursuant to § 4247(h).

Ferch himself acknowledges that § 4247 is the proper statutory vehicle – he cites § 4247(g) in representing that the "traditional form of relief" under that statute is "unconditional release."  (Petition at 7 [Doc. No. 1].)  However, he argues that he "has no remedy" in the committing court in light of that court's prior adverse rulings.  (Obj. at 2 [Doc. No. 30].)  Ferch's speculation that a § 4247 proceeding would be fruitless does not relieve him from attempting to seek relief under that statute, nor does it permit this Court to usurp the authority of the committing court.  Moreover, to the extent that any prior adverse rulings are directly related to the claims pending here, this Court cannot second-guess or revisit matters already decided by the committing court and the Eighth Circuit.

As to Ferch's claims related to his conditions of confinement – involuntary

medication and retaliation – pursuant to the Eighth Circuit's guidance in <u>Spencer</u>, Ferch

shall have the opportunity to present these claims differently, if he chooses.  Specifically,

Ferch may file an amended pleading, styled as a <u>Bivens</u> civil rights complaint, identifying

any such claims and parties, within 30 days.  If Ferch fails to take such action within 30

days, these remaining claims in the Petition will be dismissed without prejudice.  Because

the underlying pleading forms the basis for Ferch's Motion for a Preliminary Injunction,

that motion is denied without prejudice.  The Court also notes, regarding the civil filing

fee applicable to civil rights actions, Petitioner may apply for *in forma pauperis* status.[1]

     Finally, Ferch has filed several additional motions, pending before the Court.  In

light of the rulings herein, the Court rules on these additional motions.  The Petitioner's

Motion for the Issuance of an Arrest Warrant [Doc. No. 27] is denied without prejudice.

Petitioner's Motion to Compel [Doc. No. 33] is denied as moot, as it appears from

Petitioner's subsequent motion [Doc. No. 35] that he has obtained a copy of the document

in question.  Petitioner's Motion to Strike the Hart Declaration [Doc. No. 35] is denied

without prejudice.  Petitioner's Motion for Abuse of Authority ("Lawful Filing of Fraud

Charges") [Doc. No. 38] is denied as moot, as it appears that the primary relief sought in

that motion is the issuance of rulings on certain pending motions, which this Order

resolves.

---

[1] As a civilly-committed person, Ferch is not a prisoner within the meaning of the PLRA, see <u>Perkins v. Hedricks</u>, 340 F.3d 582, 583 (8th Cir.2003), and is not subject to the detailed inmate-account procedures of 28 U.S.C. § 1915.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the R&R [Doc. No. 26];

2.    Petitioner's Objections [Doc. No. 30] are **OVERRULED in part** and **SUSTAINED in part**;

3.    Claims in the Petition [Doc. No. 1] related to the effectiveness of counsel and the right of confrontation, are **DISMISSED WITHOUT PREJUDICE in part** as set forth herein;

4.    As to the conditions-of-confinement claims in the Petition, Petitioner may file an amended pleading, styled as a <u>Bivens</u> civil rights complaint, identifying any such claims and parties, **within 30 days**.  If Petitioner fails to take such action **within 30 days**, these remaining claims **will be dismissed without prejudice**;

5.    Petitioner's Motion for a Preliminary Injunction [Doc. No. 7] is **DENIED WITHOUT PREJUDICE**;

6.    Petitioner's Motion for the Issuance of an Arrest Warrant [Doc. No. 27] is **DENIED WITHOUT PREJUDICE**;

7.    Petitioner's Motion to Compel [Doc. No. 33] is **DENIED AS MOOT**;

8.    Petitioners' Motion to Strike the Hart Declaration [Doc. NO. 35] is **DENIED WITHOUT PREJUDICE**; and

9.    Petitioner's Motion for Abuse of Authority ("Lawful Filing of Fraud Charges") [Doc. No. 38] is **DENIED AS MOOT**.


Dated:    January 20, 2015

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge