UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HARLEY FERCH,

    Plaintiff,

v.

B.R. JETT, et al.,

    Defendants.

Civil No. 14-cv-01961-SRN-TNL

DECLARATION OF DR. SHELLEY STANTON

I, Dr. Shelley Stanton, do hereby declare and state as follows:

1. I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice, as the Chief of Psychiatry at the Federal Medical Center in Rochester, Minnesota (FMC Rochester). I began working for the BOP in November 1996 as the Chief of Psychiatry at the Federal Medical Center in Carswell, Texas. After almost one year as a Clinical Consultant for the Southeast and South Central Regions, I served as the Chief of Psychiatry for the Bureau from 2001 to 2006. I was the Clinical Director for FMC Rochester from 2006 to 2009, when I became the Chief of Psychiatry for the institution. I have been Board Certified in Psychiatry since 1990, Geriatric Psychiatry since 1996, and Psychosomatic Medicine since 2005.

2. As part of my official duties, I have access to BOP files maintained in the ordinary course of business related to inmates incarcerated within the BOP.

3. I am familiar with plaintiff Harley Ferch, Register No. 03916-017, as he is currently committed under 18 U.S.C. §4246 to the custody of the Attorney General for hospitalization at FMC Rochester. I am not Mr. Ferch's treating psychiatrist. It is my

1

understanding he alleges I signed a fraudulent statement saying he was gravely disabled and a danger to himself and others, resulting in his involuntary medication.

4. As the Chief of Psychiatry, I am familiar with the Bureau's procedures for seeking to involuntary medicate an inmate on a non-emergent basis. If a psychiatrist recommends medication and the inmate refuses to voluntarily take the recommended medication, the Bureau will provide the inmate with due process prior to non-emergent involuntary medication in accordance with the procedures outlined in Program Statement 6010.03, Psychiatric Evaluation and Treatment. A true and correct copy of Program Statement 6010.03, Psychiatric Evaluation and Treatment, is attached as Exhibit A to this declaration.

5. The inmate is provided with 24-hours advance written notice of the date, time, place, and purpose of the hearing, including the reasons for the proposed psychiatric medication, via the form BP-A0959, "Notice of Hearing and Advisement of Rights for Involuntary Hospitalization or Medication for Psychiatric Care or Treatment." See Exhibit A at 9. The Notice form is completed by the treating psychiatrist, but any staff member can deliver the notice to the inmate. See id.

6. Prior to the hearing, the inmate is advised of his rights at the hearing, including his "right to appear at the hearing, to present evidence, to have a staff representative, to request witnesses, and to request that witnesses be questioned by the staff representative or by the person conducting the hearing." See Exhibit A at 9.

7. The hearing must conducted by a non-treating psychiatrist. See Exhibit A at 9. The treating psychiatrist will present information regarding the inmate's need for psychiatric medication, and the inmate is given an opportunity to present his own evidence as to why

       he does not need medication. See id. at 10. Ultimately, the hearing psychiatrist "Must determine whether involuntary administration of psychiatric medication is necessary because, as a result of the mental illness or disorder, the inmate is dangerous to self or others, poses a serious threat of damage to property affecting the security or orderly running of the institution, or is gravely disabled (manifested by extreme deterioration in personal functioning)." Id. The hearing psychiatrist must prepare a written report of the hearing and his decision. See id. A copy of the written report will be promptly provided to the inmate, and he will be advised of his right to appeal the decision. See id.

8. If the inmate disagrees with the hearing psychiatrist's decision, his appeal must be received by the institution's mental health division administrator, i.e., Chief of Psychiatry, within twenty-four hours of receiving the decision. See Exhibit A at 10. The Chief of Psychiatry will ordinarily review the appeal within twenty-four hours of receiving it and ensure by means of this review that the inmate "received all necessary procedural protections, and that the justification for administering psychiatric medication is appropriate." Id. at 11.

9. Prior to 2014, FMC Rochester would provide inmates under an involuntary medication protocol with annual due process hearings. However, in 2014 FMC Rochester modified its procedures to no longer require these annual due process hearings. Rather, a due process hearing will be provided when an inmate under an involuntary medication protocol consents to treatment and then later revokes his consent.

10. Mr. Ferch's treating psychiatrist initiated non-emergent involuntary medication due process procedures in 2011, 2012, and 2013. I was not the hearing psychiatrist at any of the hearings held pursuant to those procedures. On each of those occasions, I signed the

3

Notice of Medication Hearing and Advisement of Rights Form and then reviewed Mr. Ferch's appeals from the findings he should be involuntary medicated to determine if he received the necessary procedural protections and the justification for administering the medication was appropriate.

11. On November 2, 2011, Mr. Ferch appealed the hearing psychiatrist's determination that he should be involuntary medicated. A true and correct copy of the Appeal of Involuntary Medication Decision, dated November 2, 2011, is attached as Exhibit B to this declaration. Mr. Ferch claimed that the hearing psychiatrist made incorrect or false claims throughout the report. See id. I denied his appeal. See id.

12. I concluded Mr. Ferch had been afforded his procedural due process rights with respect to the 2011 hearing. See Exhibit B. He received a Notice of Medication Hearing and Advisement of Rights on October 24, 2011, advising him he was scheduled for a hearing on October 31, 2011. A true and correct copy of the Notice of Medication Hearing and Advisement of Rights, dated October 24, 2011, is attached as Exhibit C to this declaration. The Notice advised him treatment was proposed because he was gravely disabled and a danger to self and others, and the proposed treatment included antipsychotics, antidepressants, anxiolytics, mood stabilizers, and/or benzodiazepines. See id. It also advised him he was entitled to attend the hearing, present evidence and witnesses, and have a staff member assist him. See id. Mr. Ferch declined to call witnesses. See id. Further, he did not request a specific staff member to assist him, but a nurse was appointed to do so. See id. Mr. Ferch received a copy of the hearing psychiatrist's report on November 2, 2011, advising him of his right to appeal. A true

4

and correct copy of the Involuntary Medication Report, dated October 31, 2011, is attached as Exhibit D to this declaration.

13. I also concluded the justification for the administering psychiatric medication was appropriate. See Exhibit B. As the hearing psychiatrist explained, Mr. Ferch was unable to sleep well, had been increasingly verbally and physically agitated, hyperverbal, insolent, and increasingly paranoid. See Exhibit D at 6. He concluded Mr. Ferch was gravely disabled because at the time of the hearing, Mr. Ferch was housed in seclusion. See id. at 10. Further, the hearing psychiatrist concluded the proposed treatment would diminish Mr. Ferch's aggressiveness, disorganized behavior, and delusional thinking. See id. at 9-10.

14. On October 31, 2012, Mr. Ferch appealed the hearing psychiatrist's determination he should continue to be involuntary medicated. A true and correct copy of the Appeal of Involuntary Medication Decision, dated October 31, 2012, is attached as Exhibit E to this Declaration. He claimed the Involuntary Medication Report was falsified, he did not receive written notice within twenty-four hours of the hearing, his staff representative did not help him gather evidence, and his behavior did not create a substantial risk of bodily injury. See id. I denied his appeal. See id. at 1, 2.

15. I concluded Mr. Ferch had been afforded his procedural due process rights as well with respect to the 2012 due process hearing. See Exhibit E. He received a Notice of Medication Hearing and Advisement of Rights on October 24, 2012, advising him he was scheduled for a hearing on October 29, 2012. A true and correct copy of the Notice of Medication Hearing and Advisement of Rights, dated October 24, 2012, is attached as Exhibit F to this declaration. The Notice advised him treatment was proposed because he

5

was gravely disabled and a danger to self and others, and the proposed treatment included antipsychotics, antidepressants, anxiolytics, mood stabilizers, and/or benzodiazepines. See id. It also advised him he was entitled to attend the hearing, present evidence and witnesses, and have a staff member assist him. See id. Mr. Ferch declined to call witnesses, see id., but he later called two witnesses to the hearing. His work detail supervisor stated Mr. Ferch was a very good work and was very reliable and punctual; his cellmate stated he did not see anything wrong with Mr. Ferch mentally and that he was quiet and organized and worked on his legal work. A true and correct copy of the Involuntary Medication Report, dated October 31, 2012, is attached as Exhibit G to this declaration. Further, he did not request a specific staff member to assist him, but a psychologist was appointed to do so. See Exhibit F. Mr. Ferch received a copy of the hearing psychiatrist's report on October 31, 2012, advising him of his right to appeal. See Exhibit G at 7.

16. I also concluded the justification for administering psychiatric medication was appropriate. See Exhibit E at 1, 2. As the hearing psychiatrist noted, Mr. Ferch had engaged in behavior indicating he was planning to impersonate a law enforcement investigator if he were to be released. See Exhibit G at 9. Further, the hearing psychiatrist observed Mr. Ferch became easily upset when discussing his mental health issues during the hearing, indicating he was gravely disabled. See Exhibit G at 10. The hearing psychiatrist concluded the proposed treatment would continue to diminish Mr. Ferch's aggressiveness, disorganized behavior, and delusional thinking. See id.

17. On November 14, 2013, Mr. Ferch appealed the hearing psychiatrist's determination that he should continue to be involuntary medicated. A true and correct copy of the Appeal of

        Involuntary Hospitalization or Medical Decision for Psychiatric Care or Treatment, dated November 14, 2013, is attached as Exhibit H to this declaration. He claimed the hearing report contained lies about his present mental health status. See id.

18. I concluded Mr. Ferch had been afforded his procedural due process rights for the third time with respect to the 2013 due process hearing. See Exhibit H. He received a Notice of Medication Hearing and Advisement of Rights on October 15, 2013, advising him he was scheduled for a hearing on November 1, 2013. A true and correct copy of the Notice of Medication Hearing and Advisement of Rights, dated October 15, 2013, is attached as Exhibit I to this declaration. This Notice advised him treatment was proposed because he was gravely disabled and a danger to self and others, and the proposed treatment included antipsychotics, antidepressants, anxiolytics, mood stabilizers, and benzodiazepine. See id. It also advised him he was entitled to attend the hearing, present evidence and witnesses, and have a staff member assist him. See id. He requested two witnesses and a psychiatrist as his staff representative. See id. However, I appointed a social worker to serve as his staff representative. See id. During the hearing, Mr. Ferch's work supervisor said he was a good, reliable work with no problems; his cellmate reported that Mr. Ferch had no issues or signs of disturbed behavior, but he did have issues with medication side effects. A true and correct copy of the Involuntary Medication Report, dated November 13, 2013, is attached as Exhibit J to this declaration. Mr. Ferch received a copy of the hearing psychiatrist's report on November 13, 2013, advising him of his right to appeal. See id. at 7.

19. I also concluded the justification for administering psychiatric medication was appropriate. See Exhibit H. The treating psychiatrist had noted Mr. Ferch experienced

7

        episodic agitation and had appeared "increasingly preoccupied with his perceptions of a conspiracy between the psychiatrists to falsify his records in order to involuntarily treat his mental illness." Exhibit J at 6. He concluded medication continued to be appropriate as it successfully diminished Mr. Ferch's aggressiveness, disorganized behavior, and delusional thinking. See id. at 11.

20.   Mr. Ferch continues under an involuntary medication protocol. However, due to the FMC Rochester's policy change, no further due process hearings have been conducted for Mr. Ferch since 2013.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 4th day of May, 2015.

_____
Dr. Shelley Stanton
Chief of Psychiatry
Federal Medical Center
Rochester, Minnesota