UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harley Ferch,                                                          Civil No. 14-1961 (SRN/TNL)

           Plaintiff,

     v.                                                                       **MEMORANDUM OPINION
                                                                              AND ORDER**

Warden B.R. Jett,
Dr. Dionne Hart,
Dr. Shelly R. Stanton, M.D.,
and Barb Banitt (AWS),

           Defendants.

---

Harley Ferch, #03916-017, 506 Clay Street, Woodstock, IL 60098, pro se Plaintiff.

Ana H. Voss and D. Gerald Wilhem, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated January 28, 2016 [Doc. No. 85]. The R&R recommends granting Defendants' Motions to Dismiss [Doc. Nos. 65 & 79] the Amended Bivens Civil Rights Complaint [Doc. No. 43] as well as Plaintiff's attempted amendment of that Complaint, the "Bivens Civil Rights Complaint (Amended Pleading)" [Doc. No. 77], and the "Amended Plaintiff's Opposing Fraud Complaint" [Doc. No. 78]. Petitioner filed timely objections to the R&R on February 25, 2016 [Doc. No. 88].

    According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Based on that de novo review, and for the reasons set forth below, the Court overrules Petitioner's Objections and adopts the R&R, as modified, as discussed herein.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's R&R thoroughly documents the complex factual and procedural background of this matter, and is incorporated herein by reference.  In brief, Plaintiff Harley Ferch was civilly committed at the Federal Medical Center in Rochester, Minnesota, from 2000 until sometime after 2013, when the last act of which he complains in this lawsuit occurred.  (R&R at 2.)  Ferch now resides at a group home in Illinois.  [Doc. No. 83.]

Ferch contends that his treating psychiatrist, Defendant Dr. Dionne Hart, along with the Chief of Psychiatry at FMC-Rochester, Defendant Dr. Shelley Stanton, violated his constitutional rights by subjecting him to forced medication in 2011, 2012, and 2013.  He has also sued FMC Rochester's Warden, Defendant B.R. Jett, as well as the Assistant Warden's secretary, Defendant Barb Banitt, for their roles in the alleged conspiracy to deprive him of his constitutional rights.

During his time at Rochester, Ferch suffered from "Delusional Disorder, Persecutory Type."  (R&R at 8.)  He was treated with a regimen of antipsychotics, antidepressants, anxiolytics, mood stabilizers, and bensodiazepines.  (Id.)  In 2011, Ferch declined his prescribed dose of olanzapine, an antipsychotic medication used to treat schizophrenia.  See Olanzapine, https://www.nlm.nih.gov/medlineplus/druginfo/meds/

a601213.html (last visited Mar. 10, 2016). After several months, Ferch's condition deteriorated and Dr. Hart decided to pursue involuntarily medicating Ferch. (R&R at 7.)

FMC-Rochester follows Bureau of Prisons' protocol for forced medication of civilly committed individuals. That protocol, set forth in Program Statement 6010.03, requires that the individual sought to be medicated be given notice of and an administrative hearing at which he could appear, present evidence, and have a staff representative assist him. (R&R at 4-5.) The hearing is conducted by a psychiatrist other than the individual's treating psychiatrist. (Id. at 5.) The presiding psychiatrist must provide the individual with a written report of his or her decision, which the individual may appeal to the facility's mental-health-division administrator. (Id. at 6.)

At each of the three hearings that Ferch challenges, he received the assistance of a staff representative and either was present or, based on the record, appears to have been present. (Id. at 9; 13-14; 19-20.) He no longer appears to contest that he did not receive adequate notice of those hearings. Each hearing resulted in a decision that Ferch should be medicated, and Ferch exercised his appeal rights each time. (Id. at 11-12; 16-18; 23-24.) His appeals were unsuccessful, however, and Ferch was administered medication against his objections.

Ferch initially brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the involuntary administration of medication. [Doc. No. 1.] This Court determined that Ferch's challenges to his involuntary medication were not cognizable in habeas corpus, and directed Ferch to file a complaint pursuant to Bivens v.

<u>Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  <u>Ferch v. Jett</u>, Civ. No. 14-1961, 2015 WL 251766, at *9-10 (D. Minn. Jan. 20, 2015).  Ferch then filed the Complaint and amendments that are now at issue.  [Doc. Nos. 43, 77, & 78.]

As Magistrate Judge Leung noted, Ferch's claims are difficult to parse.  Reading liberally the Complaint as well as Ferch's attempted amendments of that Complaint, Magistrate Judge Leung found that Ferch raised the following legal theories:  (1) fraud on the part of Drs. Hart and Stanton and Defendant Barb Banitt, for allegedly making false statements in Ferch's medical records; (2) violation of Ferch's due process rights during the involuntary-medication proceedings; and (3) Hart, Stanton, and Banitt conspired to violate Ferch's due process rights.  (R&R at 32.)  Ferch's Objections do not dispute that these are the claims he is attempting to raise.

## II.  DISCUSSION

Ferch raises multiple objections to the R&R, but those objections are, in the main, to the facts the R&R describes.  For example, Ferch objects to what he views as an "outright lie" that Ferch was disruptive in his job at Rochester, pointing out that his supervisor stated that he had no problems with Ferch.  (Obj. at 2.)  But the "outright lie" is not a factual determination but rather a description of each parties' version of the facts; the statement regarding Ferch's alleged disruptiveness at his job was from an affidavit submitted by Dr. Hart.  The R&R merely cited this affidavit when describing this evidence, it did not accept this evidence as true.  (R&R at 7.)  Ferch's factual objections are misplaced and without merit.

Ferch does not object to the R&R's decision to consider the motions to dismiss as motions for summary judgment because both parties submitted materials outside the pleadings. (See Obj. at 4 ("This court needs to consider that all of my exhibits I filed are not matters outside the pleadings and I have several exhibits with this pleading. . . .").) Nor does he object to the R&R's ultimate conclusion that his fraud and civil-rights claims fail on their merits.[1]

Instead, Ferch now asks for the opportunity to amend his pleadings yet again, to raise claims for medical malpractice rather than claims of constitutional violations. (See id. ("This case should be allowed to be amended to a Medical Malpractice suit due to the incompetence of the FMC doctors who misdiagnosed me.").) But, even if Ferch had a cognizable claim for medical malpractice, Minnesota law requires that an individual bringing a medical malpractice action serve with his pleadings an affidavit of expert review. Minn. Stat. § 544.43, subd. 2. This affidavit must state that

> the facts of the case have been reviewed by the party's attorney with an expert whose qualifications provide a reasonable expectation that the

---

[1] Ferch does not mention either Warden Jett or Defendant Banitt in his Objections, thus conceding that both must be dismissed from this action with prejudice. (See R&R at 75 (recommending summary judgment in Warden Jett's favor); id. at 49 (recommending summary judgment in Banitt's favor).) In addition, the Court agrees with the magistrate judge's finding that in Ferch's amended pleading, he failed to identify any constitutional violation committed by Jett (R&R at 74); moreover, a supervisor, such as Warden Jett, cannot be liable for the acts of a subordinate simply due to the relationship between them, and Ferch has failed to demonstrate any basis of liability. Hill v. Anderson, No. 06-CV-4497 (PJS/JJG), 2008 WL 319898, at *4 (D. Minn. Feb. 5, 2008). Similarly, the Court agrees with the magistrate judge that with respect to Defendant Banitt, who performed a purely clerical role in preparing notices for the hearings and providing the involuntary medication reports to Ferch and was not involved in Ferch's treatment, Ferch has failed to establish any basis for liability. (R&R at 47; 58.)

>expert's opinions could be admissible at trial and that, in the opinion of this expert, the defendant[s] deviated from the applicable standard of care and by that action caused injury to the plaintiff.

Id., subd 3(a)(1).  If such an affidavit is not appended to the pleadings, a medical-malpractice plaintiff must either aver that the expert review could not be obtained before the action's commencement because of the statute of limitations, or that the parties have agreed to waive the expert review requirement.  Id., subd. 3(a)(2)-(3).

Ferch has not submitted any documentation to this Court that would allow it to conclude that he has a viable cause of action for medical malpractice in this case.  Thus, the Court declines to allow Ferch to amend his pleadings to allege such a claim.  The Court will, however, dismiss Ferch's pleadings without prejudice as to Drs. Hart and Stanton, to allow him to bring a claim if he is able to comply with all of the statutory prerequisites for doing so.  Because Ferch raised the issue of amendment in his Objections, it was not before the magistrate judge.  Accordingly, the Court adopts the magistrate judge's R&R, as modified to reflect that Ferch's claims against Drs. Hart and Stanton are dismissed without prejudice.

### III.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss [Doc. Nos. 65 & 79] are **GRANTED**; and
2. Plaintiff Harley Ferch's Amended Bivens Civil Rights Complaint [Doc. No. 43], "Bivens Civil Rights Complaint (Amended Pleading)" [Doc. No. 77],

and "Amended Plaintiff's Opposing Fraud Complaint" [Doc. No. 78] are **DISMISSED without prejudice** as to Defendants Hart and Stanton, and **DISMISSED with prejudice** as to Defendants Jett and Banitt;

3. The Report and Recommendation [Doc. No. 85] is **ADOPTED as modified**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 10, 2016                              s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge